UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID KAISER, for himself and on
behalf of those similarly situated,

    Plaintiff,

vs.

Case No.:

NORTHWOOD HOSPITALITY, LLC.,
a Foreign Limited Liability Company;
NWNG LLC d/b/a NAPLES GRANDE
RESORT & SPA,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID KAISER, ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Complaint against Defendant, NORTHWOOD HOSPITALITY, LLC., ("NORTHWOOD"), a Foreign Limited Liability Company, and NWNG, LLC d/b/a NAPLES GRANDE RESORT & SPA ("NAPLES GRANDE") (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Collier County, Florida.

4. At all times material to this action, NORTHWOOD, was and continues to be a Foreign Limited Liability Company, Further, at all times material to this action, Defendant NORTHWOOD was, and continues to be, engaged in business in Florida, doing business, in Collier County, Florida.

5. At all times material to this action, Defendant NAPLES GRANDE is a beach resort and spa located in Naples, Florida. NAPLES GRANDE is a fictitious name owned by NWNG, LLC, a New York corporation, which is registered and continues to be engaged in business in Florida, doing business in Collier County, Florida.

6. At all times relevant hereto, NORTHWOOD and NAPLES GRANDE were Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

7. At all times relevant hereto, NORTHWOOD and NAPLES GRANDE were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

8. NORWOOD is an enterprise engaged in the hospitality industry, and specifically in the operation of hotels and resorts.

9. NWNG does business as NAPLES GRANDE and is an enterprise engaged in the hospitality industry, and specifically in the operation of hotels and resorts.

10. NORTHWOOD and NAPLES GRANDE are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses. See Corporation search results for NORTHWOOD and NAPLES GRANDE attached hereto as Exhibits A and B, respectively.

11. NORWOOD and NAPLES GRANDE share the same principal and mailing addresses of 1819 Wazee, 2nd Floor, Denver, CO 80202.

12. Erwin Aulis, John Kukral, and Jonathan Wang jointly own, operate and/or control both NORTHWOOD and NAPLES GRANDE.

13. According to NORTHWOOD's website https://www.hcareers.com/seeker/employer-profiles/northwood-hospitality-jobs, it promotes Job Opportunities for several of its companies, including NAPLES GRANDE.

14. Plaintiff's paystubs are issued by NORTHWOOD through the location of Plaintiff's employment within NAPLES GRANDE.

15. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

17. At all times material to this action, Defendants were Plaintiff's

3

"employers" within the meaning of the FLSA.

18. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

19. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, liquor, knives, chairs, tables, and cleaning supplies which were used directly in furtherance of Defendants' commercial activity of running a resort and spa.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. On September 3, 2015, Defendants hired Plaintiff to work as a non-exempt hourly-paid server for Defendants' company.

24. Plaintiff's job duties included, but were not limited to, setting up and closing at pool area, maintenance and serving resort guests.

25. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

26. From at least September 3, 2015, through July 21, 2016, Defendants

failed to compensate Plaintiff at a lawful overtime rate for all hours worked in excess of forty (40) hours in a single workweek.

27. Specifically, Plaintiff was not paid the lawful minimum overtime wage for his overtime hours throughout his employment. Rather, Plaintiff was paid even less than the lower overtime wage permitted for tipped employees.

28. In addition, Defendants failed to compensate Plaintiff the lawful minimum wage for all of his hours worked.

29. Specifically, Defendants paid Plaintiff only the minimum wage applicable to tipped employees for significant daily hours Plaintiff spent doing non-tipped work, including opening and closing the service area when no customers were present or permitted to be present.

30. Defendants are not permitted to utilize the "tip credit" for these significant hours spent doing non-tipped work.

31. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

32. Plaintiff should be compensated at the full minimum wage rate for hours spent doing non-tipped work before and after the restaurant was open.

33. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

34. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as servers, and were denied proper overtime compensation for overtime hours because Defendants paid an hourly rate lower than the lawful minimum

hourly overtime rate for tipped employees, and were also denied proper minimum wage and overtime compensation because Defendants paid only the tipped minimum wage to its servers even though they performed significant non-tipped work due to the same policies, practices and procedures applicable to Plaintiff.

35. Defendants have violated Title 29 U.S.C. §206 from at least September 3, 2015, through July 21, 2016, in that:

    a. Defendants have failed to pay Plaintiff, and those similarly situated, proper minimum wage for all hours worked for Defendants as required by the FLSA; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the applicable minimum wage for each hour worked as provided by the FLSA, due to the policies and practices described above.

36. Defendants have violated Title 29 U.S.C. §207 from at least September 3, 2015, through July 21, 2016, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per

workweek, as provided by the FLSA, due to the policies and practices described above.

37. Defendants' failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful, as Defendants are and have been aware of the FLSA mandates and their applicability to Plaintiff's employment, but chose not to pay him correct wages.

38. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF MINIMUM WAGES

40. Plaintiff re-alleges paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

42. Defendants paid Plaintiff the minimum wage applicable to tipped employees for significant daily hours Plaintiff spent doing non-tipped work.

43. Defendants failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendants performing significant schedules of non-tipped work.

44. Because Plaintiff was paid the tipped minimum wage for all hours, Defendants' use of the tip credit during significant hours of non-tipped work necessarily

resulted in Plaintiff's wages for each workweek falling below the minimum wage.

45. As a result of Defendants' actions in this regard, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants.

46. Defendants had specific knowledge it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

47. Defendants willfully failed to pay Plaintiff the applicable minimum wage for all hours during one or more weeks of work contrary to 29 U.S.C. §206.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

50. Plaintiff re-alleges paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

51. From September 3, 2015, through July 21, 2016, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was compensated at a rate lower than the minimum lawful overtime wage rate.

52. Plaintiff was, and is, entitled to be paid at least the lowest lawful overtime wage rate for all hours worked in excess of forty (40) hours in a workweek.

53. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

54. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

55. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

56. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants have failed to properly pay Plaintiff proper overtime wages for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

57. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, request conditional certification; pursuant to Section 216(b) of the FLSA, of a class of the servers who worked for Defendants in the three years preceding the filing of the complaint, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 16th day of November, 2016.

/s/ Angeli Murthy
Angeli Murthy, Esq.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*